UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| HENRY THOMAS PHILLIPS III, individually and on behalf of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>PIZZA THE PIE, LLC and BECCA BOO PIES, LLC,<br><br>Defendants. | Case No. 2:16-cv-75-WCO<br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

Plaintiff Henry Thomas Phillips III, individually and on behalf of all other similarly situated delivery drivers, for his Complaint against Defendants, alleges as follows:

1. Defendants Pizza the Pie, LLC and Becca Boo Pies, LLC own and operate approximately 40 Domino's Pizza franchise stores in Georgia and South Carolina. Defendants employ delivery drivers who use their own automobiles to deliver pizza and other food items to their customers. Instead of reimbursing delivery drivers for the reasonably approximate costs of the business use of their vehicles, Defendants use a flawed method to determine reimbursement rates that provides such an unreasonably low rate beneath any reasonable approximation of the

expenses they incur that the drivers' unreimbursed expenses cause their wages to fall below the federal minimum wage during some or all workweeks.

2. Plaintiff Henry Thomas Phillips III brings this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* to recover unpaid minimum wages owed to him and similarly situated delivery drivers employed by Defendants at their Domino's stores.

## Jurisdiction and Venue

3. The FLSA authorizes court actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question).

4. Venue in this District is proper under 28 U.S.C. § 1391 because Defendants maintain their principal place of business in this District, Defendants operate Domino's franchise stores in this District, Defendants employed Plaintiff in this District, and a substantial part of the events giving rise to the claim herein occurred in this District.

## Parties

5. Defendants Pizza the Pie, LLC and Becca Boo Pies, LLC are Georgia limited liability companies maintaining their principal place of business at 323 Resource Pkwy, Winder, Georgia, which is located within the Gainesville Division of the Northern District of Georgia.

6. Alternatively and cumulatively, Defendants constitute a "single employer" or "single integrated employer" as they share interrelated operations, centralized control of labor relations, common management, and common ownership or financial control.

7. Alternatively and cumulatively, Defendants are liable for each other's acts and omissions because they constitute "joint employers" as they share power to hire and fire employees, share supervision and control of employee work schedules or conditions of employment, jointly determine the rate and method of payment, and jointly maintain make payroll decisions and keep employment records.

8. Alternatively and cumulatively, because the work performed by Plaintiff and all other delivery drivers simultaneously benefited both Defendants and directly or indirectly furthered their joint interests, Defendants are collectively the "joint employers" of Plaintiff and other similarly situated employees under the FLSA's broad definition of "employer."

9. Plaintiff Henry Thomas Phillips III was employed by Defendants from approximately 2004 to December 2014 at their Domino's Pizza stores in Snellville, Stone Mountain, Statham, Monroe, Athens and Winder, Georgia, as well as at other stores. Plaintiff Phillips's consent to pursue this claim under the FLSA is attached hereto as "Exhibit 1."

## General Allegations

*Defendants' Business*

10. Defendants own and operate approximately 40 Domino's Pizza franchise stores in Georgia and South Carolina

11. Defendants' Domino's stores employ delivery drivers who all have the same primary job duty: to deliver pizzas and other food items to customers' homes and workplaces.

*Defendants' Flawed Automobile Reimbursement Policy*

12. Defendants' require their delivery drivers to maintain and pay for safe, legally-operable, and insured automobiles when delivering pizza and other food items.

13. Defendants' delivery drivers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses") while delivering pizza and other food items for the primary benefit of Defendants.

14. Defendants' delivery driver reimbursement policy reimburses drivers on a per-delivery basis, but the per-delivery reimbursement equates to far below the IRS business mileage reimbursement rate or any other reasonable approximation of the cost to own and operate a motor vehicle. This policy applies to all of Defendants' delivery drivers.

15. The result of Defendants' delivery driver reimbursement policy is a reimbursement of much less than a reasonable approximation of their drivers' automobile expenses.

16. During the applicable FLSA limitations period, the IRS business mileage reimbursement rate ranged between $0.54 and $0.575 per mile. Likewise, reputable companies that study the cost of owning and operating a motor vehicle and/or reasonable reimbursement rates, including the AAA, have determined that the average cost of owning and operating a sedan was between $0.574 and $0.61 per mile between 2013 and 2016 for drivers who drive a sedan approximately 15,000 miles per year. These figures represent a reasonable approximation of the average cost of owning and operating a vehicle for use in delivering pizzas.

17. The driving conditions associated with the pizza delivery business cause more frequent maintenance costs, higher costs due to repairs associated with driving, and more rapid depreciation from driving as much as, and in the manner of, a delivery driver. Defendants' delivery drivers further experience lower gas mileage and higher repair costs than the average driver used to determine the average cost of owning and operating a vehicle described above due to the nature of the delivery business, including frequent starting and stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressures.

18. Defendants' reimbursement policy does not reimburse delivery drivers for even their ongoing out-of-pocket expenses, much less other costs they incur to own and operate their vehicles, and thus Defendants uniformly fail to reimburse their delivery drivers at any reasonable approximation of the cost of owning and operating their vehicles for Defendants' benefit.

19. Defendants' systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Defendants such that the hourly wages it pays to Plaintiff and Defendants other delivery drivers are not paid free and clear of all outstanding obligations to Defendants.

20. Defendants fails to reasonably approximate the amount of their drivers' automobile expenses to such an extent that their drivers' net wages are diminished beneath the federal minimum wage requirements.

21. In sum, Defendants reimbursement policy and methodology fail to reflect the realities of delivery drivers' automobile expenses.

***Defendants' Failure to Reasonably Reimburse Automobile Expenses Causes Minimum Wage Violations***

22. Regardless of the precise amount of the per-delivery reimbursement at any given point in time, Defendants' reimbursement formula has resulted in an unreasonable underestimation of delivery drivers' automobile expenses throughout the recovery period, causing systematic violations of the federal minimum wage.

23. During the last few years of his employment by Defendants, Plaintiff Phillips was paid $7.35 per hour during while working in the store and was paid $7.25 per hour, including a tip credit, for the time he spent delivering pizzas.

24. The federal minimum wage has been $7.25 per hour since July 24, 2009. http://www.dol.gov/whd/minwage/chart.htm.

25. During the last few years of Plaintiff Phillips' employment by Defendants, the per-delivery reimbursement rate at the store where Plaintiff Phillips worked averaged approximately $1.20 per delivery.

26. Throughout his employment with Defendants, Plaintiff Phillips experienced an average round-trip delivery distance of about 5 miles per delivery.

27. Thus, during the applicable limitations period, Defendants average effective reimbursement rate for Plaintiff Phillips was approximately $0.24 per mile ($1.20 per delivery / 5 average miles per delivery).

28. From the beginning of the longest limitations period through the end of Plaintiff Phillips' employment with Defendants, the IRS business mileage reimbursement rate was ranged between $0.56 and $0.565 per mile, which reasonably approximates the automobile expenses incurred delivering pizzas. http://www.irs.gov/Tax-Professionals/Standard-Mileage-Rates. Using the IRS rate as a reasonable approximation of Plaintiff Phillips's automobile expenses, every mile driven on the job decreased his net wages by approximately $0.32 ($0.56 -

7

$0.24) per mile. Considering Plaintiff Phillips's estimate of about 5 average miles per delivery, Defendants under-reimbursed him about $1.60 per delivery ($0.32 x 5 miles).

29. During his employment by Defendants, Plaintiff Phillips typically averaged about 2 deliveries per hour.

30. Thus, based on the IRS rate, Plaintiff Phillips consistently "kicked back" to Defendants approximately $3.20 per hour ($1.60 per delivery x 2 deliveries per hour), for an effective hourly wage rate of about $4.15 ($7.35 per hour - $3.20 kickback) or less.

31. All of Defendants' delivery drivers have had similar experiences to those of Plaintiff. They have been subject to the same reimbursement policy; have received similar reimbursements; have incurred similar automobile expenses; have completed deliveries of similar distances and at similar frequencies; and have been paid at or near the federal minimum wage before deducting unreimbursed business expenses.

32. Because Defendants have paid their drivers a gross hourly wage at precisely, or at least very close to, the federal minimum wage, and because the delivery drivers have incurred unreimbursed automobile expenses, the delivery drivers have "kicked back" to Defendants an amount sufficient to cause minimum wage violations.

33. While the amount of Defendants' actual reimbursements per delivery may vary over time, Defendants rely on the same flawed policy and methodology with respect to all delivery drivers at all of their other Domino's stores. Thus, although reimbursement amounts may differ somewhat by time or region, the amounts of under-reimbursements relative to automobile costs incurred are relatively consistent between time and region.

34. Defendants' low reimbursement rates have been a frequent complaint of at least some of Defendants' delivery drivers, including Plaintiff, yet defendants have continued to reimburse at a rate much less than any reasonable approximation of delivery drivers' automobile expenses.

35. The net effect of Defendants' flawed reimbursement policy is that it willfully fails to pay the federal minimum wage to their delivery drivers. Defendants thereby enjoys ill-gained profits at the expense of their employees.

## Collective Action Allegations

36. Plaintiff brings this FLSA claim as an "opt-in" collective action on behalf of similarly situated delivery drivers pursuant to 29 U.S.C. § 216(b).

37. The FLSA claims may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

38. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendants' practice of failing to pay

employees federal minimum wage. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendants' records, and potential class members may be notified of the pendency of this action via mail.

39. Plaintiff and all of Defendants' delivery drivers are similarly situated in that:

   a. They have worked as delivery drivers for Defendants' delivering pizza and other food items to Defendants' customers;

   b. They have delivered pizza and food items using automobiles not owned or maintained by Defendants;

   c. Defendants have required them to maintain these automobiles in a safe, legally-operable, and insured condition;

   d. They have incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendants;

   e. They have been subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

   f. They have been subject to the same pay policies and practices of Defendants;

   g. They have been subject to the same delivery driver reimbursement policy that under-estimates automobile expenses per mile, and thereby systematically deprived of reasonably approximate reimbursements,

      resulting in wages below the federal minimum wage in some or all workweeks;

h. They have been reimbursed similar set amounts of automobile expenses per delivery;

i. They have been paid at or near the federal minimum wage before deducting unreimbursed business expenses; and

j. They have been subjected to the same tip credit.

### Count I:  Violation of the Fair Labor Standards Act of 1938

40. Plaintiff reasserts and re-alleges the allegations set forth above.

41. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a).

42. Defendants are subject to the FLSA's minimum wage requirements because it is an enterprise engaged in interstate commerce, and their employees are engaged in commerce.

43. At all relevant times herein, Plaintiff and all other similarly situated delivery drivers have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

44. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated delivery drivers.

45. Under Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009.

46. As alleged herein, Defendants have reimbursed delivery drivers less than the reasonably approximate amount of their automobile expenses to such an extent that it diminishes these employees' wages beneath the federal minimum wage.

47. Defendants knew or should have known that their pay and reimbursement policies, practices and methodology result in failure to compensate delivery drivers at the federal minimum wage.

48. Defendants, pursuant to their policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated employees.

49. Plaintiff and all similarly situated delivery drivers are victims of a uniform and employer-based compensation and reimbursement policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all delivery driver employees in Defendants' stores.

50. Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard for, whether their conduct was unlawful.

51. Defendants acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants are not liable for liquidated damages, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

52. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees. Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly situated delivery drivers demand judgment against Defendants and request: (1) compensatory damages; (2)

liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

## Demand for Jury Trial

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Dated:    April 21, 2016                              Respectfully submitted,

/s Ralph Jordan                                       **WEINHAUS & POTASHNICK**
Ralph Jordan (GA Bar # 404977)                        Mark A. Potashnick (MO Bar # 41315)
345 Eastcote Dr.                                      (*pro hac vice* forthcoming)
Atlanta, Georgia  30350                               11500 Olive Blvd., Suite 133
(404) 449-4861                                        St. Louis, Missouri  63141
ralph.a.jordan@gmail.com                              Telephone:   (314) 997-9150
                                                      Facsimile:   (314) 997-9170
**PAUL MCINNES LLP**                                  markp@wp-attorneys.com
Jack McInnes (MO Bar # 56904)
(*pro hac vice* forthcoming)
600 Walnut Street, Suite 300
Kansas City, Missouri  64106
Telephone: (816) 984-8100
Facsimile: (816) 984-8101
mcinnes@paulmcinnes.com

**ATTORNEYS FOR PLAINTIFF**