IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN  DISTRICT OF GEORGIA
GAINESVILLE DIVISION

HENRY THOMAS PHILLIPS III,         :
individually and on behalf of similarly   :
situated persons,                         :
                                          :
          Plaintiff,                      :
                                          :   CIVIL ACTION
vs.                                       :   NO.  2:16-cv-00075-WCO
                                          :
PIZZA THE PIE, LLC and                    :
BECCA BOO PIES, LLC,                      :
                                          :
          Defendants.                     :

## ORDER

### I.      Introduction

This case is before the court on plaintiff Henry Thomas Phillips III's motion to

dismiss defendants' counterclaim [13], defendants Pizza the Pie, LLC and Becca Boo

Pies, LLC's motion for summary judgment [14], and defendants' motion for expedited

consideration [20].    In plaintiff's motion, he seeks dismissal of defendants'

counterclaim for injunctive and declaratory relief to enforce a class and collective

action waiver contained in the parties' arbitration agreement. (*See* Pl.'s Mot. to

Dismiss 2–3, ECF No. 13; *see also* Countercl. ¶¶ 16–17, ECF No. 9.) Conversely, and

consistent with their summary judgment motion, defendants would like this court to decide on the enforceability of that waiver rather than have it decided by an arbitrator. (*See* Defs.' Mot. for Summ. J. 1–2, ECF No. 14; *see also* Countercl. ¶¶ 1–2, ECF No. 9.)

## II.   Factual and Procedural Background

Plaintiff filed the current suit on April 21, 2016, to recover allegedly unpaid minimum wages owed to him and similarly situated delivery drivers employed by defendants.  (Compl. ¶ 2.)  Defendants filed their answer on June 24, 2016, and also alleged a counterclaim seeking injunctive and declaratory relief as to the enforceability of a collective action waiver in an arbitration agreement between the parties. (*See* Answer, ECF No. 9; *see also* Countercl. ¶ 1–2, ECF No. 9.)

Plaintiff claims that at some point—presumably from defendants' counterclaim—he learned that he had signed an arbitration agreement.  The agreement in question provides that the parties "hereby voluntarily promise, agree, and consent to resolve any claim covered by this Agreement through binding arbitration rather than court litigation." (Ex. A to Pl.'s Answer & Countercl. 1, ECF No. 9-1.)  Claims covered under the agreement include any "compensation, practice, or benefit plans, including wage payment claims arising under the Fair Labor Standards Act ("FLSA"),

2

or any state wage payment laws." *Id.*  Notably, the agreement also provides for a class and collective action waiver, which states that "[n]o covered claims may be asserted [or proceed to arbitration] as a part of a multi-plaintiff, class or collective action." *Id.* at 2.

Three days after defendants filed their counterclaim, plaintiff filed a demand for arbitration with the American Arbitration Association ("AAA"). (Ex. 2 to Pl.'s Mot. to Dismiss 2, ECF No. 13-1.)  At this time, plaintiff claims that he also offered defendants to dismiss his complaint if they dismissed their counterclaim.  Defendants appear to have refused the offer. (*See* Ex. 3 to Pl.'s Mot. to Dismiss, ECF No. 13-3.) All motions pending before the court were filed thereafter.

For the reasons set forth below, the court will grant plaintiff's motion and deny both of defendants' motions.

## III.   Legal Analysis

In evaluating a motion to dismiss under Rule 12(b)(6), the court must view the complaint in the light most favorable to the non-moving party.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (citations omitted).  A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Id.* at 570.  "A claim has *facial plausibility* when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added).  The allegations must "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 556.

In favor of dismissal, plaintiff makes two threshold arguments against defendants' counterclaim.[1]  He contends that it fails under 9 U.S.C. § 4 and that defendants may not seek declaratory or injunctive relief as to the parties' class and collective action waiver because plaintiff has not placed it—or the arbitration agreement generally—"in issue."[2] (Mot. to Dismiss 2–8, ECF No. 13.)  On this point, plaintiff does not appear to challenge the arbitrability of his wage and hour claim.  Nor does he challenge, at least before this court, the enforceability of the class and collective action waiver.

In response, and in their motion for summary judgment, defendants contend that the court should determine the enforceability of the waiver and that plaintiff,

---

[1] The court notes that defendants curiously filed a counterclaim and summary judgment motion instead of simply filing a motion to compel plaintiff into arbitration "in the manner provided for" in their arbitration agreement. *See* 9 U.S.C. § 4.

[2] To the extent that the court would allow defendants' counterclaim to proceed, plaintiff also argues that dismissal is appropriate on the following two grounds: (1) to the extent applicable, the class and collective action waiver *ought to be* interpreted by an arbitrator, and (2) the parties agreed to as much under their arbitration agreement.  However, the court declines to reach these issues because it finds that, as a threshold matter, plaintiff has not "put in issue" or challenged the enforceability of the arbitration agreement or its provisions.

contrary to his position, has put the waiver provision "in issue" by his conduct. (Defs.' Mot. for Summ. J. 1–2, ECF No. 14; Defs.' Resp. to Pl.'s Mot. to Dismiss 5, ECF No. 16.)  While the court agrees with defendants' first argument—that courts may address the enforceability of class waivers put before them—it cannot reach that issue because of its disagreement with the second.

Section 4 of the Federal Arbitration Act ("FAA") provides in relevant part that "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4.  If the non-petitioning party challenges the agreement's enforceability on some ground (i.e., implicating whether the parties should ultimately be required to arbitrate), then the court must first adjudicate that issue. *See Bess v. Check Express*, 294 F.3d 1298, 1304 (11th Cir. 2002). In the absence of such a dispute, however, the court need not assess any part of the agreement and upon a motion to compel should send the case to the arbitrator. *See id.* at 1305 (citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967) (analyzing fraud in the inducement on a contract to the underlying claim versus similar challenges to the arbitration agreement itself)); *see also Jackson v. Home Team Pest Def., Inc.*, No. 6:13-cv-916-Orl-22TBS, 2013 WL 6051391, at *1–2

(M.D. Fla. Nov. 15, 2013) (recognizing no need to assess waiver provision where plaintiff did not argue it was unconscionable or unenforceable).

In this case, plaintiff filed suit on his underlying FLSA claim only. After learning of the arbitration agreement governing the parties, he submits that the case belongs in arbitration and makes no challenges thereto. While courts have interpreted the issue of class and collective waivers in other cases, those cases tend to involve plaintiffs that resist arbitration. *See, e.g.*, *Caban v. J.P. Morgan Chase & Co.*, 606 F. Supp. 2d 1361, 1364 (S.D. Fla. 2009) (noting that, in opposition to defendant's motion to compel arbitration, plaintiff argued that arbitration provision and class action waiver were unenforceable). Here, plaintiff has voluntarily chosen to submit his claims to arbitration. Thus, he has not placed the arbitration agreement in issue.

The fact that plaintiff filed arbitration on a collective action basis or challenged the provision before the National Labor Relations Board ("NLRB") is immaterial. This court cannot properly consider claims before an arbitrator or federal agency for purposes of something's being "put in issue" before it. Plaintiff must challenge the provision before this court. He has not done so. *See Musnick v. King Motor Co.*, 325 F.3d 1255, 1261 (11th Cir. 2003) ("A court compelling arbitration should decide only such issues as are essential to defining *the nature of the forum* in which a dispute will be decided." (emphasis added) (internal quotation marks omitted) (citation omitted));

6

*see also Anders v. Hometown Mortg. Servs., Inc.,* 346 F.3d 1024, 1032–33 (11th Cir. 2003) (quoting same).

To the extent that plaintiff's demand for arbitration seeks relief broader than that to which he is entitled (i.e., on a collective basis), that is a concern for the arbitrator. *See also Arcidiacono v. The Limo, Inc.*, No. 8:10-cv-780-T-33AEP, 2010 WL 3565738, at *2 (M.D. Fla. Sept. 9, 2010) ("[W]hen claims are submitted to arbitration, the question of whether class arbitration is forbidden is not a question of arbitrability, but rather a question of contract interpretation which should be decided in the first instance by an arbitrator." (citation omitted)).  The issue can be decided in arbitration.  Accordingly, the court grants plaintiff's motion to dismiss and denies defendants' motion for summary judgment.

In light of this ruling, the court questions whether this dispute should remain in federal court.  Defendants no longer have a counterclaim, and plaintiff no longer seeks to pursue his claim in federal court. (Pl.'s Mot. to Dismiss Defs.' Countercl. 1–3, ECF No. 13.)  Likewise, the case is before arbitration, which appears to govern the relationship between the parties.  Consistent with these concerns, the parties are ordered to show cause in writing within fourteen days as to why this case should not be dismissed. *Singleton v. Dean*, 611 F. App'x 671, 671 (11th Cir. 2015) (per curiam) ("Prior to dismissing an action *sua sponte*, a court must provide the plaintiff with

notice of its intent to dismiss and an opportunity to respond." (citation omitted)); *see also Marzano v. Proficio Mortg. Ventures*, 942 F. Supp. 2d 781, 799 (N.D. Ill. 2013) (citing *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 808) (7th Cir. 2011) ("Absent a request to compel arbitration and a showing that Plaintiffs have refused to arbitrate, this Court will not compel arbitration *sua sponte*.")

Accordingly, plaintiff's motion to dismiss defendants' counterclaim [13] is hereby **GRANTED**.  Defendants' motion for summary judgment [14] is hereby **DENIED**.  Likewise, defendants' motion for expedited consideration is hereby **DENIED as moot**.  The parties are hereby **ORDERED** to show cause in writing within fourteen (14) days as to why this case should not be dismissed.

IT IS SO ORDERED, this 21st day of December, 2016.


s/*William C. O'Kelley*
William C. O'Kelley
Senior United States District Judge